

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 3:12cr 005 |
| | ) | |
| | ) | Mail Fraud |
| v. | ) | 18 U.S.C. § 1341 |
| | ) | (Counts 1-4) |
| | ) | |
| JAMES F. PRICE, | ) | Criminal Forfeiture Allegation |
| | ) | 18 U.S.C. § 981 |
| Defendant. | ) | |

January 2012 TERM – At Richmond, Virginia

## INDICTMENT

THE GRAND JURY CHARGES THAT:

### COUNTS ONE THROUGH FOUR
(Mail Fraud)

From in or around April 2010, and continuing until on or about June 27, 2011, the exact dates being unknown to the grand jury, in the Eastern District of Virginia and within the jurisdiction of this Court, as well as elsewhere, defendant JAMES F. PRICE (PRICE) did knowingly, unlawfully, and with intent to defraud, execute and attempt to execute a scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses through use of the United States Mails and commercial interstate carriers, as well as other means.

### Object of the Scheme and Artifice to Defraud

The object of the scheme and artifice to defraud was for PRICE to fraudulently obtain funds from investors using a company called Madison Precious Metals, Inc.

(MPM), which fraudulently represented to the investors that it would use their funds to purchase precious metals.

### Ways, Manner, and Means of the Scheme and Artifice to Defraud

The scheme and artifice to defraud operated in substance as follows:

1. PRICE owned and operated MPM, which was in the business of collecting money from investors to purchase precious metals such as gold, silver, platinum, and palladium. MPM advertised through a website it operated, www.MadisonPrecious.com. When dealing with customers, PRICE claimed that MPM would purchase these precious metals for the customer and hold them in a depository until an eventual sale by the customer. Based on these representations, customers sent MPM monies by check and wire transfer.

2. MPM did not purchase the precious metals as promised. Rather, PRICE converted the investors' funds to his own use or applied them toward lulling payments to prior investors whose funds had already been fraudulently converted.

3. PRICE sent customers documents entitled "Transfer of Commodity" that falsely represented that the funds they invested had been used to purchase precious metals.

4. PRICE also used email, telephone calls, and other means to communicate with frustrated investors and reassure them about the status of their investments. These communications often contained false representations designed to reinforce investors' belief that PRICE had used their funds to purchase precious metals.

## Execution of the Scheme and Artifice to Defraud

On or about the following dates, in the Eastern District of Virginia and within the jurisdiction of this Court, for the purpose of executing and attempting to execute the scheme and artifice to defraud, defendant JAMES F. PRICE caused to be sent and delivered by United States mail and commercial interstate carrier the following documents according to the directions thereon:

| Count | Date | Mailing or Delivery Via Interstate Commercial Carrier |
|---|---|---|
| 1 | 4/28/2010 | Check in the amount of $10,000.00 payable to Madison Precious Metals, Inc., representing investment of investor "F.F.," mailed to 13817 Village Mill Drive, Suite 101, Midlothian, Virginia 23114 |
| 2 | 5/21/2010 | Check in the amount of $114,252.57 payable to Madison Precious Metals, Inc., representing investment of investor "J.M.," mailed to P.O. Box 816, Midlothian, Virginia 23113 |
| 3 | 10/26/2010 | Check in the amount of $2,500.00 payable to Madison Precious Metals, Inc., representing investment of investor "F.F.," mailed to 13817 Village Mill Drive, Suite 101, Midlothian, Virginia 23114 |
| 4 | 6/15/2011 | Check in the amount of $15,000.00 payable to Madison Precious Metals, Inc., representing investment of confidential source posing as investor which was sent via Federal Express to 14241 Midlothian Turnpike, # 204, Midlothian, Virginia 23113 |

(In violation of Title 18, United States Code, Section 1341.)

## FORFEITURE ALLEGATION

Pursuant to Rule 32.2(a) FED. R. CRIM. P., the defendant is hereby notified that, upon conviction of the offenses alleged in Counts One through Four, the defendant shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such violations totaling at least **$6,183,714.83**. If property subject to forfeiture cannot be located, the

United States will seek an order forfeiting substitute assets. Property subject to forfeiture includes, but is not limited to, the following:

> Real property and improvements known as 4512 Welby Turn, Midlothian, VA 23113;
>
> Real property and improvements known as 12005 Buckminister Court, Fredericksburg, VA 22407;
>
> One 2011 Lexus GX460 bearing vehicle identification number JTJBM7FXB5020877;
>
> Suntrust Bank Account Numbers 1000142482420, 1000076541951, and 04308978000084222;
>
> One Honda Odyssey minivan bearing vehicle identification number 5FNRL38678B018825; and
>
> Various antiques purchased by the defendant from Gates Antiques between approximately January 6, 2011 and March 22, 2011 for the aggregate amount of $140,083.00.

(In accordance with Title 18, United States Code, Section 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461(c).)

A TRUE BILL, Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office.

_____
FOREPERSON

NEIL H. MACBRIDE
UNITED STATES ATTORNEY

By: _____
Michael C. Moore
Assistant United States Attorney

4