IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | CRIMINAL. NO  3:12cr005 |
| JAMES F. PRICE | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S MOTION FOR RESTRAINING ORDER AND BRIEF IN SUPPORT THEREOF

COMES NOW THE UNITED STATES OF AMERICA, pursuant to 21 U.S.C. § 853(e)(1)(A), and moves the Court to enter an order restraining the defendant, JAMES F. PRICE (hereinafter "defendant"), and his representatives, attorneys, agents, family members and assigns from transferring, encumbering, hypothecating, spending or attempting or completing any action that would affect or diminish the marketability or value of, property or assets of the defendant in the sum of not less than **$6,183,714.83**.

On January 17, 2012, a grand jury in this judicial district returned an indictment against the named defendant charging four counts of 18 U.S.C. § 1341 (Mail Fraud).  Pursuant to 18 U.S.C. § 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461(c)[1], and Rule 32.2 of the Federal Rules of Criminal Procedure, the indictment includes notice that any property, real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of fraud offenses, are subject to forfeiture.

---

[1] Forfeiture of property derived from the fraud offenses is governed by 18 U.S.C. § 981(a)(1)(C), a civil forfeiture statute, which by virtue of 28 U.S.C. § 2461(c), may be forfeited as part of a criminal prosecution.

To the extent that the Government is unable to locate all of the property constituting or derived from proceeds traceable to the violations charged, it will rely upon the substitute asset provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).[2]

## ARGUMENT

A.   **THE GOVERNMENT IS ENTITLED TO A JUDGMENT OF FORFEITURE FOR THE VALUE OF ALL TAINTED ASSETS, EVEN IF THOSE ASSETS HAVE BEEN DISSIPATED, AND TO A JUDGMENT IN THE FULL AMOUNT OF THE VALUE OF THE ASSETS AGAINST THE DEFENDANT.**

Pursuant to 21 U.S.C. § 853(c), all right, title and interest in property involved in or traceable to property involved in the violations, vests in the United States upon commission of the act giving rise to forfeiture.  The government is entitled to a judgment for the entire proceeds received, even if those proceeds have been dissipated.  See e.g., United States v. McGinty, 610 F.3d 1242, 1246 (10Th Cir. 2010)("Although the criminal forfeiture statute does not explicitly refer to money judgments, our sister circuits have uniformly recognized that money judgments representing the unlawful proceeds are appropriate.")(collecting cases); United States v. Vampire Nation, 451 F.3d 189, 202 (3d Cir. 2006) (expressly rejecting the argument that a forfeiture order must order the forfeiture of specific property; as an in personam order, it may take the form of a

---

[2] The substitute asset provision of 21 U.S.C. § 853(p) clearly applies to forfeitures governed by 28 U.S.C. § 2461(c).  United States v. Causey, 309 F. Supp. 2d 917, 920-21 (S.D. Tex. 2004) ("Congress's express exclusion of only subsection (d) of § 853 from those 'procedures' makes clear that § 2461(c) incorporates all the other subsections of § 853, i.e., subsections (a)-(c) and (e)-(q)."); see United States v. Wingerter, 369 F. Supp.2d 799, 805 (E.D. Va. 2005) ("Section 982 does not define the full set of forfeitable property, nor does it provide the procedures for forfeiture.  Instead, § 982(b) accomplishes both of these by expressly incorporating 21 U.S.C. § 853(except subsection (d))."  The Patriot Act reauthorization signed by the President on March 9, 2006 revised §2461(c) to make it clear that the procedures in §853 "apply to all stages of a criminal proceeding" for those criminal forfeitures not governed by the §982(b) incorporation of §853.  With the 2006 amendment, Congress thus clarified its intent to authorize pretrial restraint in cases governed by section 2461(c).  United States v. Schlotzhauer, 2008 WL 320717, *9 (W.D. Mo. 2008).

2

judgment for a sum of money equal to the proceeds the defendant obtained from the offense, even if he no longer has those proceeds, or any other assets, at the time he is sentenced; such a construction of the statute is consistent with the mandatory nature of criminal forfeiture and the provision in section 853 directing courts to liberally construe its provisions to effectuate their remedial purposes).  Thus, upon conviction, the government will be entitled to a forfeiture judgment against the defendant in the sum of not less than **$6,183,714.83**.

**B.**    **THE GOVERNMENT IS ENTITLED TO A RESTRAINING ORDER TO PRESERVE THE AVAILABILITY OF SUBSTITUTE ASSETS TO SATISFY ANY FORFEITURE JUDGMENT THAT IT MAY OBTAIN.**

By statute, the United States may request that the court order the forfeiture of substitute assets up to the value of forfeited assets under certain circumstances.  21 U.S.C. §853(p), as incorporated by 28 U.S.C. §2461(c).  The government seeks a restraining order aimed at securing both directly forfeitable assets, and substitute assets up to the value of all property implicated by the violation.  The government seeks the restraint of the sum of not less than **$6,183,714.83,** which the grand jury has determined to be the minimum amount of proceeds derived from the violations. Congress, in the Comprehensive Crime Control Act of 1984, supplemented the courts' existing general authority to restrain property with specific procedures and guidelines for exercising that authority in criminal forfeiture actions.  Pub. L. No. 98-473, 98 Stat. 1837 (1984).  Title 21 U.S.C. § 853(e)(1)(A) expressly authorizes the court to restrain the transfer of property "*upon the filing of an indictment or information*" charging a violation of the underlying felony offense and alleging that the property is subject to forfeiture.[3]

---

[3] 21 U.S.C. §  853(e)(1) provides in pertinent part:

Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to

21 U.S.C. § 853(p), provides:

If any of the property described in subsection (a) of this section [21 U.S.C. § 853(a)] as being subject to forfeiture, as a result of any act or omission of the defendant-

(1)    cannot be located upon the exercise of due diligence;
(2)    has been transferred or sold to, or deposited with third person;
(3)    has been placed beyond the jurisdiction of the Court;
(4)    has been substantially diminished in value, or
(5)    has been commingled with other property which cannot be subdivided without difficulty;

the court shall order the forfeiture of any other property of the defendant up to the value of any property described in paragraphs (1) through (5).

Binding precedent in this circuit holds that the government is entitled to obtain a restraining order directed at preserving substitute assets. United States v. Bollin, 264 F.3d 391, 421-22 (4th Cir. 2001);  In re Billman, 915 F.2d 916, 920 (4th Cir. 1990), cert. denied, 500 U.S. 952 (1991) ("§ 1963(d)(1)(A) should be construed to authorize pretrial restraint of [substitute] assets. . . "); see also  United States v. Ziadeh, 230 F.Supp. 2d 702, 703 (E.D. Va. 2002) (decided under 18 U.S.C. § 982) ("The United States is entitled to obtain a restraining order directed at preserving substitute assets.").

The Supreme Court has held that there is no discretion in whether to order restraint.  In United States v. Monsanto, 491 U.S. 600, 612-13 (1989), the Court said that the word "may" in § 853(e) means only that the district court may enter a restraining order if the Government

---

preserve the availability of property described in subsection (a) of this section for forfeiture under this section -

(A)    upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section; ...

4

requests it, but not otherwise, and that it is not required to enter the order if a bond or other

means exists to preserve the property:  "it cannot sensibly be construed to give district court[s]

discretion to permit the dissipation of the very property that § 853(a) requires to be forfeited

upon conviction."  The Court noted that the district court read the permissive quality of the

subsection to authorize it to employ traditional principles of equity before restraining a

defendant's use of forfeitable assets.  In condemning that practice, the Court declared that "[t]his

reading seriously misapprehends the nature of the provisions in question" and further explained:

> We note that the "equitable discretion" that is given to the judge
> under § 853(e)(1)(A) turns out to be no discretion at all as far as
> the issue before us here is concerned:
>
>       *               *            *
>
> We cannot believe that Congress intended to permit the
> effectiveness of the powerful "relation-back" provision of §
> 853(c), and the comprehensive "any property . . . any proceeds"
> language of § 853(a), to be nullified by any other construction of
> the statute.

Id. at 612-13.

Another district judge in the Eastern District of Virginia has invoked Monsanto in

denying a defendant's request to exercise the court's discretion not to order the pre-trial restraint

of both directly forfeitable and substitute property.  In Wingerter, supra., the court explained the

holding in Monsanto and concluded that "there is no discretion to permit a defendant to spend

assets that are subject to forfeiture, including substitute assets.  They must be preserved for

forfeiture." 369 F Supp.2d at 811.

**C.     THE RESTRAINING ORDER IS TO BE ISSUED EX PARTE; THERE IS NO
       REQUIREMENT FOR AN ADVERSARY HEARING PRIOR TO ITS ENTRY.**

As noted above, 21 U.S.C. § 853(e)(1)(A) expressly authorizes the court to restrain the

transfer of property "upon the filing of an indictment or information".  No requirement exists in

the statute for notice or an evidentiary hearing prior to the issuance of the restraining order.

United States v. Holy Land Foundation for Relief and Development, 493 F.3d 469, 475 (5th Cir.

2007) (en banc) ("a court may issue a restraining order without prior notice or a hearing").  A

restraining order is properly entered without first conducting a hearing, because "the

circumstances addressed by section 853 (e)(1)(A) [of Title 21] present an extraordinary situation,

thus justifying the absence of a pre-restraining order hearing."  United States v. Monsanto, 924

F.2d 1186, 1192 (2d Cir. 1991) ("Monsanto IV").[4]   As the Court in Monsanto IV explained:

> The full recovery of assets under the forfeiture provisions of section 853(e) serves several
> governmental and public ends, including: (1) "separating a criminal from his ill-gotten
> gains," Caplin & Drysdale, 109 S.Ct. at 2654; (2) obtaining substantial funds for
> furtherance of law enforcement, see id.; (3) permitting recovery of assets by their
> "rightful owners," id., and (4) lessening the "economic power of organized crime and
> drug enterprises, id.  In order to effectuate these purposes, the government needs some
> means of promptly heading off any attempted disposal of assets that might be made in
> anticipation of a criminal forfeiture.

Monsanto IV, 924 F.2d at 1192.

## D.    THE PROPOSED RESTRAINING ORDER IS BASED UPON A GRAND JURY'S DETERMINATION OF PROBABLE CAUSE, IS REASONABLE, AND THEREFORE, SHOULD ISSUE.

The indictment returned by the grand jury establishes probable cause, and is itself a

sufficient basis for issuance of the restraining order.[5]  Bollin, 264 F.3d at 421 (the grand jury's

---

[4]    United States v. Monsanto, 836 F.2d 74 (2d Cir. 1987) (Monsanto I), rev'd & remanded, 852 F.2d 1400 (2d Cir. 1988) (Monsanto II), rev'd, 109 S.Ct. 2657 (1989) (Monsanto III), on remand, 924 F. 2d 1186 (2d Cir. 1991) (Monsanto IV).

[5]  This is similar to the detention situation, in which it has been held that the return of an indictment by a grand jury conclusively establishes the existence of probable cause for the purpose of triggering the rebuttable presumption that detention is required, which is found in 18 U.S.C. § 3142(e).  United States v. Contreras, 776 F.2d 51 (2d Cir. 1985); Accord United States v. Vargas, 804 F.2d 157 (1st Cir. 1986); United States v. Suppa, 799 F.2d 115 (3d Cir. 1986).

finding of probable cause is sufficient to satisfy the Government's burden); In re Billman, 915 F.2d at 919 (same); Wingerter, 369 F. Supp. 2d at 806 n.10 (E.D. Va. 2005) (the listing of the property in the forfeiture allegation in the indictment reflects the grand jury's finding of probable cause regarding the forfeitability of the property; the restraining order may be issued based on the showing of probable cause alone; there is no need to show, as there is for preindictment orders, that the property is likely to disappear).  The legislative history confirms this.  "For the purposes of issuing a restraining order, the probable cause established in the indictment or information is to be determinative of any issue regarding the merits of the government's case on which the forfeiture is to be based." S. Rep. No. 225, 98th Cong., 2d Sess. 203 (1984), reprinted in 1984 U.S. Code Cong. & Administrative. News 3182, 3386.

The proposed order is reasonable in that it does not restrain more than that to which the government will become entitled upon the entry of a judgment of forfeiture.

WHEREFORE, the government requests this Court to issue the proposed restraining order submitted herewith.

Respectfully submitted,

NEIL H. MACBRIDE
UNITED STATES ATTORNEY


By:      _____\s_____
         G. Wingate Grant
         Michael C. Moore
         Assistant United States Attorneys
         United States Attorney's Office
         600 East Main Street
         Suite 1800
         Richmond, Virginia  23219
         804-819-5400
         wingate.grant@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on January 18, 2012, the foregoing pleading was filed using the ECF system, and that because the defendant is currently unrepresented, a copy will be personally served on him at his initial appearance.

_____\s_____
Michael C. Moore
Assistant United States Attorney
United States Attorney's Office
600 East Main Street
Suite 1800
Richmond, Virginia  23219
804-819-5400
Mike.C.Moore@usdoj.gov