IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | CRIMINAL. NO 3:12cr005 |
| JAMES F. PRICE | ) | |
| | ) | |
| Defendant. | ) | |

## RESTRAINING ORDER

This matter having come before this Court on the motion of the United States of America for entry of a restraining order pursuant to 21 U.S.C. § 853(e)(1)(A), as incorporated by 28 U.S.C. §2461(c), which provides courts with jurisdiction to enter restraining orders and take such other action in connection with any property or other interests subject to forfeiture to ensure its availability for forfeiture, and

IT APPEARING TO THE COURT THAT on January 17, 2012, an indictment was returned against the defendant, JAMES F. PRICE (hereinafter "defendant"), seeking criminal forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461(c) of assets totaling the sum of not less than **$6,183,714.83**.

**IT IS HEREBY ORDERED**:

That the defendant, his agents, representatives, servants, employees, attorneys, family members and those persons in active concert or participation with them and **anyone** holding property, both real or personal, for them, is hereby ENJOINED AND RESTRAINED from transferring, selling, assigning, pledging, distributing, giving away, encumbering or otherwise participating in the disposal of (by transfer of stock or otherwise) or removal from the

jurisdiction of this Court, or removal from any checking or savings account of all or part of the defendants' interest, in any property, real or personal, up to the sum of not less than **$6,183,714.83** without prior approval of the court upon notice to the United States and an opportunity for the United States to be heard, except as specified in this Order. The defendant affected by this order is further identified below:

| **NAME** | **ADDRESS** | **SS#** | **DOB** |
|---|---|---|---|
| **JAMES F. PRICE** | Midlothian, Virginia | xxx-xx-6025 | xx/xx/50 |

The property subject to this Order includes, but is not limited to the defendant's interest, whether joint or exclusive, in any BANK ACCOUNTS, REAL PROPERTY, CURRENCY, PERSONAL PROPERTY, BUSINESS ENTITIES, MOTOR VEHICLES, BOATS, AIRCRAFT, LIMITED LIABILITY CORPORATIONS, JEWELRY, FURNITURE, ARTWORK, STOCK or FINANCIAL INSTRUMENTS, and specifically includes, but is not limited to the following:

> **Real property and improvements known as 4512 Welby Turn, Midlothian, VA 23113;**
>
> **Real property and improvements known as 12005 Buckminister Court, Fredericksburg, VA 22407;**
>
> **One 2011 Lexus GX460 bearing vehicle identification number JTJBM7FXB5020877;**
>
> **Suntrust Bank Account Numbers 1000142482420, 1000076541951, and 04308978000084222;**
>
> **One Honda Odyssey minivan bearing vehicle identification number 5FNRL38678B018825; and**
>
> **Various antiques purchased by the defendant from Gates Antiques between approximately January 6, 2011 and March 22, 2011 for the aggregate amount of $140,083.00.**

Any financial institution, individual or other entity having a security interest in any real

or personal property subject to this restraining order is hereby required to respond promptly to requests by the government for information on the status of the debt secured by property of the defendants.

In the event that the defendant desires to transfer, convey, liquidate or encumber any property and if the United States consents to such transfer, the transfer may be made upon condition that all sale proceeds shall be placed in escrow in an account(s) approved by counsel for the Government. In the event that forfeiture is ultimately ordered, any funds received from the sale of property for the actual property forfeited shall be substituted for the actual property, and such funds shall also be available to satisfy an order forfeiting substitute assets pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which incorporates 21 U.S.C. § 853(p).

If the defendant demonstrates that property with a value totaling more than **$6,183,714.83** has been restrained, the Court will review the execution of this order as it applies to the defendant, and make an appropriate determination and consider modification of this restraining order in relation to the defendant's property interests to insure that the value of assets restrained does not exceed the amount to which the United States shall be entitled at the conclusion of this case.

### **Financial Institutions**

Any financial institution holding assets of the defendant shall freeze such assets. The financial institutions are directed to prevent and are otherwise enjoined from transferring (by wire or otherwise), conveying or disposing of all monies currently within the accounts totaling up to the sum of not less than **$6,183,714.83.** In ordering the financial institutions to freeze all accounts, it is the intention of the court that the financial institutions shall not honor any demands by correspondent banks to release any money nor shall the financial institutions honor

any checks or other negotiable instruments drawn on the accounts, or make any set off against an affected account if to do so would reduce the balance of the account below the amount frozen. The financial institutions shall continue to credit any deposits, interest, dividends, or other credits to such accounts in the normal course of business, and such deposits, interest, dividends, and other credits shall be subject to this Order.

All financial institutions on which a copy of this order is served shall immediately inform the federal law enforcement agency providing the order or the United States Attorney of the balances of any and all restrained accounts on the date of service and thereafter. Any financial institution having a lien on any property listed in this order shall likewise provide to the United States Attorneys Office information regarding payments and the balance on loans secured by property listed in this order.

The United States is directed to serve a copy of this order on the defendant, counsel for the defendant, and any other entity or individual the government believes may be in possession of property of the defendant. The United States may take appropriate steps to give notice of this order in the land records in the jurisdiction where any real property affected by this order is located.

Let the Clerk send 10 certified copies of this order to counsel for the United States Attorney's Office.

SO ORDERED this \_\_\_\_ day of January, 2012.

_____
UNITED STATES DISTRICT JUDGE

WE ASK FOR THIS:

_____\\s\\_____
G. Wingate Grant
Michael C. Moore
Assistant United States Attorneys
United States Attorney's Office
600 East Main Street
Suite 1800
Richmond, Virginia 23219
804-819-5400